UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA AGUILAR-PEREZ,<br><br>                            Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Warden of Otay Mesa Detention Center, et al.,<br><br>                          Respondents. | Case No.: 25cv3409-LL-DDL<br><br>**ORDER GRANTING IN PART PETITIONER'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**[ECF No. 3]** |

      This case comes before the Court on Petitioner's 28 U.S.C. § 2241 Petition and ex parte motion for a temporary restraining order ("TRO"). ECF Nos. 2, 3. On December 15, 2025, Respondents filed a Return. ECF No. 7. On December 19, 2025, Respondents filed a Supplemental Response to the Petition, in which they "acknowledge that Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this court directing a bond hearing to be held pursuant to 8 U.S.C. § 1226(a). ECF No. 8.

      Respondents' Supplemental Response is filed in light of the new authority in *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-01873-SSS-BFM, granting in part and denying in part the petitioners' ex parte application for reconsideration or clarification. In the order, the court granted the petitioners' request for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b), and subsequently entered that judgment. *Maldonado*

*Bautista*, ECF No. 94.[1] In light of the entry of judgment, Respondents acknowledge Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a). Accordingly, the Court grants in part Petitioner's ex parte application for a TRO. Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration court within seven (7) days of this Order. On or before **January 5, 2026**, the parties shall file a Joint Status Report confirming Petitioner has been provided with a bond hearing.

**IT IS SO ORDERED.**

Dated:  December 22, 2025

Honorable Linda Lopez
United States District Judge

---

[1] Subsequent to entry of judgment, the respondents in *Maldonado Bautista* filed a Notice of Appeal. However, the Ninth Circuit has held the filing of an appeal does not suspend the preclusive effect of a lower court judgment. *Hawkins v. Risley*, 984 F.2d 321, 324 (9th Cir. 1993) (citations omitted).